# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

KEVIN PROVENCIO                                         PLAINTIFF

v.                          No. 4:19-cv-762-DPM

GIFFORD, Patrolman, Jonesboro Police
Department; RICK ELIOTT, Chief of
Police, Jonesboro Police Department;
and HERALD PERRIN, Mayor, Jonesboro,
City Hall                                               DEFENDANTS

## ORDER

1. Based on the facts and parties in Provenico's complaint, the Court directs the Clerk to transfer this case to the Jonesboro Division. 28 U.S.C. § 1406(a).

2. Motion to proceed *in forma pauperis*, № 1, granted. Provencio must pay the filing fee, but over time. 28 U.S.C. § 1915(b)(1). The Court assesses an initial partial fee of $8.50. After the initial fee is collected, Provencio's custodian must collect monthly payments from Provencio's prison trust account each time the amount in the account exceeds $10.00. These payments will be equal to twenty percent of the preceding month's income credited to the account; and they will be collected and forwarded to the Clerk of the Court until the $350.00 filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The payments forwarded on

Provencio's behalf must be clearly identified by case name and case number.

**3.** The Court directs the Clerk to send a copy of this Order to the Administrator of the Craighead County Detention Center, 901 Willet Road, Jonesboro, Arkansas 72401.

**4.** The Court must screen Provencio's complaint. № 2; 28 U.S.C. § 1915A. Provencio was arrested for domestic battery but says he's innocent. He's serving ninety days for violating his parole; and public records show he's awaiting trial in Craighead County, Arkansas, on the domestic battery charge. *State v. Provencio*, JOC-19-10368.

The Court must abstain from proceeding with Provencio's federal case because the criminal case is ongoing, Arkansas has an important interest in enforcing its criminal laws, and Provencio may raise his constitutional claims during his state criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Mounkes v. Conklin*, 922 F. Supp. 1501, 1510-13 (D. Kansas 1996). And there's no indication of the bad faith or type of extraordinary circumstances that would make abstention inappropriate. *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012). Provencio's claims must therefore be put on hold until there's a final disposition of his pending state charges. *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999).

\* \* \*

This case is stayed; and the Court directs the Clerk to administratively terminate it. Provencio can move to reopen this case after final disposition of his state case, including any appeal. Any motion to reopen must be filed within sixty days of that final disposition. If Provencio doesn't file a timely motion to reopen or a status report 2 November 2020, then the Court will reopen the case and dismiss it without prejudice.

So Ordered.

*signature*

D.P. Marshall Jr.
United States District Judge

4 November 2019